IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

THOMAS MICHAEL WEST,

               Petitioner,        :        Case No. 3:18-cv-361

    - vs -                         District Judge Walter H. West
                                   Magistrate Judge Michael R. Merz

LYNEAL WAINWRIGHT, Warden,
  Marion Correctional Institution

                                   :

               Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by petitioner Thomas West, is before the Court on Petitioner's Objections (ECF No. 12) to the Magistrate Judge's Order (ECF No. 10) requiring Petitioner to plead his case in the standard form required for habeas corpus proceedings by Rule 2 of the Rules Governing § 2254 Cases. The case has been recommitted to the Magistrate Judge by Judge Rice for reconsideration in light of the Objections (Recommittal Order, ECF No.13). Since Petitioner has plainly evinced his intention not to re-plead in the standard form, the Court will proceed as best it can with what Petitioner has filed. That portion of the Order of November 2, 2018, directing Petitioner to file an amended petition is WITHDRAWN.

In this case Petitioner seeks relief from his conviction and sentence in the Greene County, Ohio, Court of Common Pleas in *State v. West*, Case No. 2015 CR 0129. Because this is a habeas corpus case filed in federal court seeking relief from a state conviction, the Magistrate Judge classified it upon filing as brought under 28 U.S.C. § 2254. That is why Petitioner was directed to file an amended petition in compliance with the rules governing those cases.

1

Petitioner asserts this was error because his case "was not brought pursuant to 28 U.S.C. § 2254, but "pursuant to and in accordance with 'my rights' as enumerated in Article II of the ordinance of Congress of one thousand seven hundred eight-seven, a/k/a the Ordinance of the Northwest Territory, July 13, 1787. . ." (Objections, ECF No. 12, PageID 108.)

When evaluating a new case, the first task of any federal judge is to determine if he or she has jurisdiction to decide the case. Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore, there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (1798). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009).

The current jurisdiction of federal courts in habeas corpus is codified at 28 U.S.C. § 2241 which creates the power to issue the writ for any person within a court's territorial jurisdiction who, *inter alia*, "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). If the custody is pursuant to a state court judgment, as in this case, the federal judge may grant the writ only for federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Barclay v. Florida,* 463 U.S. 939 (1983); *Smith v. Phillips*, 455 U.S. 209 (1982).

Petitioner's theory seems to be that he was guaranteed certain rights by the Northwest Ordinance, including the right "to always be entitled to the Writ of Habeas Corpus, to trial by jury, and to judicial proceedings according to the course of the common law . . ." (Objections, ECF No. 12, PageID 108). As Petitioner notes, the Northwest Ordinance was adopted before the United States Constitution became effective. He infers from this that the rights guaranteed in the Northwest Ordinance survived adoption of the Constitution and he thus has the right to have his petition for habeas corpus adjudicated in a federal court sitting as a "common law" court.

The Magistrate Judge disagrees. When "We, the People," ratified the Constitution, we tore up the Articles of Confederation and completely replaced them with the Constitution. As part of the Constitution, we adopted Article III, which provides that the judicial power of the United States will be vested in a supreme court and such lower courts as the Congress may create. Congress, of course, did create lower courts in the Judiciary Act of 1789, but those courts have only the jurisdiction conferred on them by Congress. "[I]t was also early made clear that the jurisdiction of the federal courts to issue the writ must be conferred by statute and is not part of their inherent power." Paul M. Bator, *Finality in Criminal Law and Federal Habeas Corpus for State Prisoners*, 76 HARV. L. REV. 441, 445, n.6 (1963), citing *Ex parte Bollman*, 8 U.S. (4 Cranch) 75 (1807) (Marshall, C.J.).

Therefore, this Court has no authority, no jurisdiction, to consider the merits of a habeas corpus petition brought to enforce rights purportedly guaranteed by the Northwest Ordinance.

Petitioner notes that the Constitution prohibits, in Article I, § 9, "suspension" of the writ of habeas corpus. This clause was directed at the practice of the British Parliament of suspending the writ in various areas of conflict or colonies. *See* PAUL D. HALLIDAY, HABEAS CORPUS FROM ENGLAND TO EMPIRE (Cambridge, 2012). It has never been interpreted to authorize issuance in the

writ except pursuant to statute.

In the body of his Objections, Petitioner raises many complaints about the way his case was handled in the Ohio courts, including principally what he contends are serious flaws in the indictment. Whether or not those flaws violate the United States Constitution goes to the merits of the case. Without jurisdiction, the Court may not consider the merits. A court may not assume jurisdiction hypothetically and proceed to the merits, "because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers." *Buck v. Davis*, 580 U.S. ----, 137 S. Ct. 759 (2017); *United States v. Webb,* 157 F.3d 451 (6th Cir. 1998), *quoting Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).

**Conclusion**

The Petition should be dismissed without prejudice for lack of jurisdiction to consider a habeas corpus case brought pursuant to the Northwest Ordinance or the common law. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 28, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985);*United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).